UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,  Case No. 07-cv-212

    Plaintiff,  Magistrate Judge Timothy S. Black

vs.

TIMOTHY R. CUNNINGHAM,

    Defendant.  **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on Plaintiff's motion to compel discovery, or in the alternative, motion for default judgment. (Doc. 10). The motion is unopposed. The parties have consented to final adjudication by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (*See* Doc. 6.) For the reasons that follow, the undersigned finds that Plaintiff's motion is well-taken and an entry of default is warranted against Defendant.

### BACKGROUND AND PROCEDURAL HISTORY

On March 19, 2007, Plaintiff filed its Complaint against Defendant alleging Defendant failed to pay his obligation to the United States of America pursuant to a student loan application and promissory note signed by Defendant on April 8, 1988. (Doc. 1). On May 16, 2007, Plaintiff received Defendant's Answer, along with a Request for Production of Documents. (*See* Doc. 3; Doc. 10, Ex. A).

On June 13, 2007, Plaintiff's counsel responded to Defendant's Request and provided the information sought. (Doc. 10, Ex B). Plaintiff's counsel further requested that Defendant's counsel provide "all documentation you have that refutes the claim set forth in the Complaint, including any evidence that the subject loan was paid in full." *Id.* On June 25, 2007, Plaintiff's counsel provided additional information pertaining to its claim. (Doc. 10, Ex. C.)

Notwithstanding Plaintiff's request for information required by Rule 26 of the Federal Rules of Civil Procedure, Defendant failed to provide any documentation from Defendant's pertaining to the denials and defenses set forth in his Answer. Therefore, on July 30, 2007, Plaintiff's counsel served Defendant's counsel with Plaintiff's First Set of Interrogatories Propounded to Defendant and First Request for Production of Documents. (*Id.* at Ex. D). On December 19, 2007, Plaintiff's counsel mailed and sent via facsimile a letter to Defendant's attorney requesting Plaintiff to respond by January 15, 2008 to Plaintiff's previous discovery requests. (*Id.* at Ex. E). On January 22, 2008, Plaintiff mailed and sent via facsimile a letter to the Defendant's attorney informing him that Plaintiff still had not received the prediscovery disclosures required by Rule 26(a)(1) and requested the discovery responses by February 1, 2008. Nevertheless, Defendant failed to provide the requested information.

Thereafter, on March 13, 2008, Plaintiff filed a motion to compel discovery, or, alternatively, a motion for default judgment pursuant to Rule 37 (a) & (d) of the Federal Rules of Civil Procedure. (Doc. 10.) Defendant did not respond to the motion.

.       However, as a result of Defendant's bankruptcy filing, this case was stayed pursuant to 11 U.S.C. § 362(a) and administratively closed by the Court on April 28, 2008. (*See* Doc. 12.) Subsequently, upon notice of Defendant's discharge in bankruptcy, the Court has reopened this case (*see* Doc. 15), and Plaintiff's motion (Doc. 10) remains pending and unopposed.

Accordingly, on October 16, 2008, Defendant was Ordered to Show Cause, in writing and within 20 days, why the motion should not be construed as unopposed and granted for the reasons stated in the motion. (Doc. 16). Defendant has not responded to the Court's Show Cause Order, nor has he filed a response to the pending motion.

**DISCUSSION**

Rule 37(d) of the Federal Rules of Civil Procedure provides that if a party fails serve its answers, objections, or written responses to interrogatories or fails to respond to a request for the production of documents, the court may take action including staying further proceedings until the order is obeyed, dismissing the action, or entering a judgment by default against the disobedient party. Fed. R. Civ. P. 37(d) and (b)(2)(C). Specifically, Rule 37(d) of the Federal Rules of Civil Procedure reads in pertinent part:

> (d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is

pending on the motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivisions (b)(2) of this Rule.

Rule 37(b)(2) provides that the Court may make such orders in regard to the failure as are just, including an order "striking pleadings in whole or in part; [or] staying further proceedings until the order is obeyed; [or] dismissing the action or proceeding in whole or in part; [or] rendering a judgment by default against the disobedient party."

The Sixth Circuit has outlined several factors to be considered in determining whether dismissal is an appropriate sanction for such discovery abuses. *Bank One of Cleveland, N.A. v. Abbe*, 1916 F.2d 1067, 1073 (6th Cir. 1990) . These factors include, "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery, whether the dismissed party was warned that the failure to cooperate could lead to dismissal, and whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id*. These same factors apply equally to parties against whom a default judgment is entered as sanctions. *Developers Sur. & Indem. Co. v. Skyway Indus. Painting & Contracting, Inc*., Case No. 1:06-cv-80, 2007 WL 1822282, 2 (N.D.Ohio 2007).

Furthermore, the procedure governing the entry of default and default judgment is found in Fed. R. Civ. P. 55, which provides in pertinent part:

> a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

> (b) Judgment. Judgment by default may be entered as follows: (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person. (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(a), (b).

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default, as was done here. *See* Fed. R. Civ. P. 55(a). Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). However, those allegations relating to the amount of damages suffered ordinarily are not. A judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures

contained in the documentary evidence or in detailed affidavits. *Id.* The moving party is entitled to all reasonable inferences from the evidence it offers. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (internal citation omitted).

Here, upon careful review, and based on Defendant's failure to respond to outstanding discovery requests and failure to comply with the Court's Orders, entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure is an appropriate remedy.

Accordingly, it is therefore **ORDERED** that Plaintiff's motion for entry default judgment (Doc. 10) is **GRANTED**, and the Clerk is **DIRECTED** to file an Entry of Default against Defendant Tim R. Cunningham. It is further **ORDERED** that within **60 DAYS** Plaintiff shall file a Motion for Default Judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure with supporting affidavit(s) detailing the amount of damages and costs to be assessed against Defendant.

    **IT IS SO ORDERED**.


Date:  January 15, 2009             s/Timothy S. Black
                                                 Timothy S. Black
                                                 United States Magistrate Judge